## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**MARVIN SERNA, JR.**                                                                 **PLAINTIFF**

**VS.**                                                   **CIVIL ACTION NO.** <u>1:17-cv-360</u>-LG-RHW

**GCSG HOLDINGS, LLC;**
**GULF COAST SHIPYARD GROUP, INC.;**
**AND JOHN DOES 1-10**                                                           **DEFENDANTS**

---

### NOTICE OF REMOVAL

---

Defendant GCSG Holdings, LLC ("GCSG") hereby gives notice of the removal of this action, currently pending before the Circuit Court of Harrison County, Mississippi, First Judicial District, to the United States District Court for the Southern District of Mississippi, Southern Division. This *Notice of Removal* (the "Notice") is filed under 28 U.S.C. §§ 1332, 1441, and 1446.

### CIVIL ACTION REMOVED

1.      Plaintiff filed his *Complaint* (the "Complaint"), attached as part of collective Exhibit "A," against Defendant on November 9, 2017, in the Circuit Court of Harrison County, Mississippi, First Judicial District, styled as *Marvin Serna, Jr. v. GCSG Holdings, LLC; Gulf Coast Shipyard Group, Inc.; and John Does 1-10*, Cause No. A2401-17-249.

2.      The Complaint asserts claims for breach of contract, breach of the duty of good faith and fair dealing, and bad faith breach of contract under a certain employment agreement between GCSG and Plaintiff.

3.      This action is, however, within the original jurisdiction of this court based on diversity of citizenship and the amount in controversy under 28 U.S.C. § 1332.

**THE PARTIES ARE DIVERSE**

4.       The parties to this action are diverse.

5.       Plaintiff is an adult citizen of Mississippi.

6.       Defendant GCSG is a citizen of the states of Delaware, Louisiana, and Texas. GCSG is a Delaware limited liability company with its registered office in Delaware.   Its principal place of business is in Louisiana. GCSG has the following members with the following citizenship:

> a.  Harvey America LNG, LLC, a Louisiana limited liability company with it registered office in Louisiana and which is wholly owned by HGIM Corporation, a Delaware corporation with its principal place of business in Louisiana;
>
> b.  Shane Guidry, an adult citizen of Texas;
>
> c.  Ashton Guidry, an adult citizen of Louisiana;
>
> d.  Jeffrey M. Henderson, an adult citizen of Louisiana;
>
> e.  Robert A. Vosbein, Jr., an adult citizen of Louisiana; and
>
> f.  HGIM Group, LLC, a Delaware limited liability company whose member are The Resolute Fund II, Maritime, and The Resolute Fund II, Maritime (Offshore), both of which are citizens of Delaware.

7.       While the Complaint alleges that Gulf Coast Shipyard Group, Inc. ("Gulf Coast") is a Mississippi corporation, Gulf Coast is—in fact—a Delaware corporation, with its principal place of business in Gulfport, Mississippi. But as set forth below, Gulf Coast was improperly joined as a defendant and, therefore, its citizenship is not considered for purposes of 28 U.S.C § 1332.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

8.       Based on the face of the Complaint itself, the amount in controversy clearly exceeds $75,000. In the Complaint, Plaintiff alleges that, Plaintiff is entitled to damages

exceeding $400,000. (*E.g.* Ex. A, Complaint ¶ 17.) Accordingly, Plaintiff seeks to recover at least in excess of $75,000.00, exclusive of interest and costs as required under 28 U.S.C § 1332.

VENUE

9.      The United States District Court for the Southern District of Mississippi, Southern Division, is a proper venue for this matter because it is the federal judicial district and division covering Harrison County, Mississippi from where this action was removed.

10.     Copies of the pleadings and process served on Defendants to date are attached as part of collective Exhibit "A," as required by 28 U.S.C. § 1446.

11.     Defendants are simultaneously filing with the Circuit Court of Harrison County, Mississippi, First Judicial District, a true and correct copy of this Notice, thereby effecting removal of this action to this Court. Under 28 U.S.C. § 1446(d), all future proceedings shall cease in the Circuit Court of Harrison County, Mississippi, First Judicial District, unless or until this matter is remanded.

TIMELINESS OF REMOVAL

12.     GCSG received an acknowledgment, summons and a copy of the Complaint no earlier than December 2, 2017, which constitutes their first receipt of "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). This Notice is therefore timely under 28 U.S.C. § 1446(b).

NOTICE TO PLAINTIFFS

13.     Under 28 U.S.C. § 1446(d), and consistent with the Certificate of Service, Plaintiff is being provided a copy of this Notice through his counsel of record.

IMPROPER JOINDER

14.     While Gulf Coast has its principal place of business in Mississippi, Plaintiff

improperly joined Gulf Coast, and this Court therefore has jurisdiction over this action under 28 U.S.C. § 1332.

15.     To establish improper joinder, a defendant must demonstrate the "inability of a plaintiff to establish a cause of action against the non-diverse party in state court." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (*citing Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). In applying this test, federal district courts "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant." *Larroquette*, 466 F.3d at 376 (*citing Smallwood*, 385 F.3d at 573.) Here, Plaintiff cannot establish any of his claims in the Complaint against Gulf Coast under Louisiana law, which law governs this case. (*See* Employment Agreement p. 6, attached to the Complaint as its Exhibit "A," a copy of which is attached to this Notice as part of collective Exhibit "A."). The same is true if Mississippi law was to apply.

16.     In his Complaint, Plaintiff alleges that GCSG and Plaintiff entered into an *Employment Agreement* (the "Agreement"), under the terms of which GCSG hired Plaintiff to serve as its Chief Operating Officer for GCSG's shipyard operations in Gulfport, Mississippi, which operations were being conducted by Gulf Coast, an entity separate and apart from GCSG. (*See* Agreement p. 1, attached to the Complaint as its Exhibit "A.") Thereafter, GCSG terminated Plaintiff, and Plaintiff alleges that GCSG did so without cause, thereby breaching the Agreement and causing damage to Plaintiff. (Complaint ¶ 13, Ex. A.)

17.     Plaintiff then filed his Complaint against GCSG *and* Gulf Coast, asserting three claims against them both: (1) breach of the Agreement, (2) breach of the duty of good faith and fair dealing implied in the Agreement, and (3) bad faith breach of the Agreement. Plaintiff

cannot, however, establish any of these claims against Gulf Coast.

18.     First, it is elementary that a non-party to a contract cannot be held liable for a breach of that contract. *E.g. Private Connection Prop. v. Cars*, 6 So. 3d 866, 871 (La. Ct. App. 2009).  The same is true under Mississippi law. *Allgood v. Bradford*, 473 So. 2d 402, 415 (Miss. 1985). Thus, Plaintiff's first claim against Gulf Coast fails.

19.     Second, there is no cause of action under Louisiana law for breach of the duty of good faith and fair dealing outside of the insurance-policy context. *Gulf Coast Bank & Trust Co. v. Warren*, 125 So. 3d 1211, 1219 (La. Ct. App. 2013) ("Louisiana does not recognize a separate and distinct obligation of good faith, the breach of which would be equivalent to a breach of the contract between the parties.")  In Mississippi, there can be no breach of duty of good faith and fair dealing by someone not a party to the contract. *PDN, Inc. v. Loring*, 843 So. 2d 685 (Miss. 2003). So, Plaintiff's second claim against Gulf Coast also fails.

20.     Last, while Louisiana law does recognize that a contractual obligation can be breached in "bad faith" (i.e., tortuously), and that such a breach may warrant additional damages, foreseeable or not, against a defendant, *1100 S. Jefferson Davis Pkwy, LLC v. William*, 165 So. 3d 1211, 1217 (La. Ct. App. 2015), a plaintiff must first demonstrate that a defendant actually breached a specific binding obligation in the contract in the first instance. *Warren*, 125 So. 3d at 1219. Here, Gulf Coast could not have breached any obligation in the Agreement because Gulf Coast is not a party to the Agreement and is not bound by any obligation in the Agreement. *See Cars*, 6 So. 3d at 871.  Likewise, there are insufficient allegations of independent wrongful conduct by Gulf Coast to sustain a claim against it for bad faith under Mississippi law. *See Dunn v. State Farm Fire & Casualty Co.*, 927 F.2d 869, 872-73 (5th Cir. 1991). Accordingly, Plaintiff's final claim against Gulf Coast fails.

21.     Plaintiff also alleges that Gulf Coast is "a sister company and/or agent of GCSG," and Plaintiff erroneously concludes that Gulf Coast is therefore "similarly liable" for breaching the Agreement as GCSG. But Plaintiff is wrong. Gulf Coast and GCSG are separate legal entities, and even if Gulf Coast was acting as GCSG's agent, which it was not, and even if Gulf Coast was an affiliate of GCSG, those facts—alone—would not render Gulf Coast liable for breaching the Agreement to which it is not a party. *E.g. Hight Enter., Inc. v. Smith & Johnson (Shipping), Inc.*, 421 So. 2d 267, 268-69 (La. Ct. App. 1982) (agent of disclosed principal not liable for acts taken within the scope of agency). Instead, Plaintiff would be required to either pierce the corporate veil or establish alter-ego liability, theories which Plaintiff does not even allege. Indeed, under Louisiana law, courts look to the following factors to pierce the corporate veil and establish alter-ego liability: "(1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities for incorporating and transacting corporate affairs; (3) undercapitalization; (4) failure to provide separate bank accounts and bookkeeping records; and (5) failure to hold regular shareholder and director meetings." *Riggins v. Dixie Shoring Co.*, 590 So. 2d 1164, 1168 (La. 1991). Mississippi law is similar. *Rest. of Hattiesburg, LLC v. Hotel & Rest. Supply, Inc.*, 84 So. 3d 32, 38-39 (Miss. Ct. App. 2012). Alter ego liability may also exist based on "fraud or deceit." *Id*. Plaintiff here, however, does not even allege the existence of any of these factors.

22.     In sum, Plaintiff cannot establish any of his claims against Gulf Coast under Louisiana law. Gulf Coast was therefore improperly joined, and, therefore, its citizenship must be disregarded for jurisdiction purposed.  This Court has jurisdiction over this case based on the diversity of the properly joined parties and the amount in controversy.

**FOR THESE REASONS**, Defendant GCSG requests that this Court receive this Notice,

place it upon the docket of this Court, and that the Circuit Court of Harrison County, Mississippi,

First Judicial District shall proceed no further in this action unless and until this matter is

remanded.

Dated: December 29, 2017.

Respectfully submitted,

**GCSG HOLDINGS, LLC**

By:   /s/ Timothy J. Anzenberger
William C. Brabec (MSB No. 4240)
Timothy J. Anzenberger (MSB No. 103854)
ADAMS AND REESE LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
Telephone:    601.353.3234
Facsimile:      601.355.9708
bill.brabec@arlaw.com
tim.anzenberger@arlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to those registered to receive such notice. I further certify that on this date I served the foregoing via electronic mail to the following:

Jacob D. King                          J. Heath Sullivan
KING LAW FIRM, PLLC          GULF SOUTH LAW FIRM, PLLC
21110 20th Street, Suite A         2110 20th Street, Suite C
Gulfport, MS 39501                  Gulfport, MS 39501
jacob@kinglawfirm.ms           heath@gulfsouthlaw.com
*Counsel to Plaintiff*                 *Counsel to Plaintiff*

Dated: December 29, 2017.

/s/ Timothy J. Anzenberger
*Of Counsel*